David M. deRubertis, State Bar No. 208709
The deRubertis Law Firm, APC
4219 Coldwater Canyon Avenue
Studio City, California 91604
Telephone: (818) 761-2322
Facsimile: (818) 761-2323
E-Mail: David@deRubertisLaw.com
Mindy J. Lees, State Bar No. 151087
The Law Offices of Mindy J. Lees, A Professional Corporation
3940 Laurel Canyon Blvd., Suite 1516
Studio City, California 91604
Telephone: (818) 383-0610
Facsimile: (818) 495-2478
E-Mail: mindy@mindylees.com

Attorneys for Plaintiff
Catherine A. Zulfer

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JENNIFER G. REDMOND, Cal. Bar No. 144790
jredmond@sheppardmullin.com
MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for PLAYBOY
ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CATHERINE A. ZULFER, | Case No. CV12-08263-BRO (SHx) |
| Plaintiff, | **STIPULATION RE PROTECTIVE ORDER AND ORDER** |
| v. | |
| PLAYBOY ENTERPRISES, INC. and DOES 1 through 10, inclusive, | Trial Date: November 5, 2013 |
| Defendant. | |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  For purposes of this Protective Order, "CONFIDENTIAL" information shall include all non-public information or matter related to trade secrets, confidential information, knowledge, or data of a Party, or any of its clients, customers, consultants, licensees, licensors, vendors or affiliates, including but not limited to: business plans, records, and affairs; marketing plans; promotional materials and information; financial matters; selective personnel matters; procedures; finances; operation costs; business plans; personnel records; personal information subject to protection under California law; or other commercially or personally sensitive or proprietary information.

1      2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House

2 Counsel (as well as their support staff).

3      2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or

4 items that it produces in disclosures or in responses to discovery as

5 "CONFIDENTIAL."

6      2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless

7 of the medium or manner in which it is generated, stored, or maintained (including,

8 among other things, testimony, transcripts, and tangible things), that are produced or

9 generated in disclosures or responses to discovery in this matter.

10      2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter

11 pertinent to the litigation who has been retained by a Party or its counsel to serve as

12 an expert witness or as a consultant in this action.

13      2.7     <u>House Counsel</u>:  attorneys who are employees of a party to this action.

14 House Counsel does not include Outside Counsel of Record or any other outside

15 counsel.

16      2.8     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or

17 other legal entity not named as a Party to this action.

18      2.9     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a

19 party to this action but are retained to represent or advise a party to this action and

20 have appeared in this action on behalf of that party or are affiliated with a law firm

21 which has appeared on behalf of that party.

22      2.10    <u>Party</u>:  any party to this action, including all of its officers, directors,

23 employees, consultants, retained experts, and Outside Counsel of Record (and their

24 support staffs).

25      2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

26 Discovery Material in this action.

27      2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation

28 support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL."

5      2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

6  Material from a Producing Party.

7  3.   <u>SCOPE</u>

8      The protections conferred by this Stipulation and Order cover not only

9  Protected Material (as defined above), but also (1) any information copied or

10  extracted from Protected Material; (2) all copies, excerpts, summaries, or

11  compilations of Protected Material; and (3) any testimony, conversations, or

12  presentations by Parties or their Counsel that might reveal Protected Material.

13  However, the protections conferred by this Stipulation and Order do not cover the

14  following information:  (a) any information that is in the public domain at the time

15  of disclosure to a Receiving Party or becomes part of the public domain after its

16  disclosure to a Receiving Party as a result of publication not involving a violation of

17  this Order, including becoming part of the public record through trial or otherwise;

18  and (b) any information known to the Receiving Party prior to the disclosure or

19  obtained by the Receiving Party after the disclosure from a source who obtained the

20  information lawfully and under no obligation of confidentiality to the Designating

21  Party. Any use of Protected Material at trial shall be governed by a separate

22  agreement or order.

23  4.   <u>DURATION</u>

24      Even after final disposition of this litigation, the confidentiality obligations

25  imposed by this Order shall remain in effect until a Designating Party agrees

26  otherwise in writing or a court order otherwise directs. Final disposition shall be

27  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

28  or without prejudice; and (2) final judgment herein after the completion and

1  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2  including the time limits for filing any motions or applications for extension of time

3  pursuant to applicable law.

4  5.  DESIGNATING PROTECTED MATERIAL

5  5.1  Exercise of Restraint and Care in Designating Material for Protection.

6  Each Party or Non-Party that designates information or items for protection under

7  this Order must take care to limit any such designation to specific material that

8  qualifies under the appropriate standards. The Designating Party must designate for

9  protection only those parts of material, documents, items, or oral or written

10  communications that qualify – so that other portions of the material, documents,

11  items, or communications for which protection is not warranted are not swept

12  unjustifiably within the ambit of this Order.

13  Mass, indiscriminate, or routinized designations are prohibited. Designations

14  that are shown to be clearly unjustified or that have been made for an improper

15  purpose (e.g., to unnecessarily encumber or retard the case development process or

16  to impose unnecessary expenses and burdens on other parties) expose the

17  Designating Party to sanctions.

18  If it comes to a Designating Party's attention that information or items that it

19  designated for protection do not qualify for protection, that Designating Party must

20  promptly notify all other Parties that it is withdrawing the mistaken designation.

21  5.2  Manner and Timing of Designations.  Except as otherwise provided in

22  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24  under this Order must be clearly so designated before the material is disclosed or

25  produced.

26  Designation in conformity with this Order requires:

27  (a)  for information in documentary form (e.g., paper or electronic

28  documents, but excluding transcripts of depositions or other pretrial or trial

-4-

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, within 14 days of the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. In compliance with Local Rule 37-1, the parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, they shall formulate a written stipulation. The stipulation shall be

filed and served with the notice of motion and shall conform to all of the requirements of Local Rule 37-2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g*., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the

-7-

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the court and its personnel;

(d)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f)    the Court and court personnel are expressly excluded from the requirement to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)    individuals whom counsel reasonably believe may be percipient witnesses or individuals reasonably believed to be individuals with knowledge of facts or circumstances believed to be relevant to the issues in the case, provided that such individuals first sign the "Acknowledgement and Agreement to Be Bound (Exhibit A), that the signed "Acknowledgement and Agreement to Be Bound" is maintained by counsel, and that the individual is not permitted to keep or retain any copies of any "CONFIDENTIAL" documents or information derived from the "CONFIDENTIAL" documents.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive or subpoena from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  When filing any papers with the Court that contain Protected Material, or documents designated Confidential, in accordance with Local Rule 79-5.1, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such

-11-

1  portion is segregable) under seal; and that the application shall be directed to the
2  judge to whom the papers are directed.

3  13.    <u>FINAL DISPOSITION</u>

4        Within 60 days after the final disposition of this action, as defined in
5  paragraph 4, each Receiving Party must return all Protected Material to the
6  Producing Party or destroy such material or otherwise maintain all such materials
7  consistent with the firm's document management and retention policy but subject to
8  the requirements of this protective order. As used in this subdivision, "all Protected
9  Material" includes all copies, abstracts, compilations, summaries, and any other
10 format reproducing or capturing any of the Protected Material. Whether the
11 Protected Material is returned or destroyed or otherwise maintained, and upon
12 written request, the Receiving Party must submit a written certification to the
13 Producing Party (and, if not the same person or entity, to the Designating Party) by
14 the 60 day deadline that (1) identifies (by category, where appropriate) all the
15 Protected Material that was returned or destroyed or otherwise maintained consistent
16 with the firm's document management and retention policy but subject to the
17 requirements of this protective order and (2) affirms that the Receiving Party has not
18 retained any copies, abstracts, compilations, summaries or any other format
19 reproducing or capturing any of the Protected Material other than as provided
20 herein. Notwithstanding this provision, Counsel are entitled to retain an archival
21 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
22 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
23 work product, and consultant and expert work product, even if such materials
24 contain Protected Material. Any such archival copies that contain or constitute
25 Protected Material remain subject to this Protective Order as set forth in Section 4
26 (DURATION).

27       This Stipulation shall, subject to Court approval, be binding upon the Parties
28 upon their signature hereto, and by signing hereto each Party agrees to comply with

1  the terms of this Stipulation and to be bound thereby.  In the event that the Court
2  does not enter into the Proposed Protective Order based upon this Stipulation, the
3  Parties shall in good faith negotiate any terms that the Court finds objectionable.

4      This Order is entered solely for the purpose of facilitating the exchange of
5  documents and information between the Parties to this action without involving the
6  Court unnecessarily in the process. Nothing in this Order nor the production of any
7  information or document under the terms of this Order nor any proceedings pursuant
8  to this Order shall be deemed to have the effect of an admission or waiver by any
9  Party or of altering the confidentiality or non-confidentiality of any such document
10 or information or altering any existing obligation of any Party or the absence
11 thereof.

12      Without separate Court order, this Proposed Protective Order and the Parties'
13 stipulation do not change, amend or circumvent any court rule or local rule.

14      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16 Dated:  May 24, 2013          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                     By    _____/s/ Morgan P. Forsey_____
19                           JENNIFER G. REDMOND
                             JOHN P. STIGI III
20                           MORGAN P. FORSEY
                             KATHRYN A. VISOSKY
21
22                           Attorneys for Defendant
                             PLAYBOY ENTERPRISES, INC.
23

24 Dated:  May 24, 2013          THE DERUBERTIS LAW FIRM, APC

25

26                     By    _____/s/ David M. deRubertis_____
27                           DAVID M. DERUBERTIS

28                           Attorneys for Plaintiff
                             CATHERINE A. ZULFER

-13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    PURSUANT TO THE PARTIES' STIPULATION,

2

3    IT IS SO ORDERED.

4

5    DATED: May 28, 2013

6    _____

7    STEPHEN J. HILLMAN
     UNITED STATES  MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:408559664.1                STIPULATION RE PROTECTIVE ORDER AND ORDER

1 | EXHIBIT A

2 | ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3 | I, _____ [print or type full name], of

4 | _____ [print or type full address], declare under penalty of perjury

5 | that I have read in its entirety and understand the Stipulated Protective Order that

6 | was issued by the United States District Court for the Central District of California

7 | on [INSERT DATE] in the case of *Catherine Zulfer v. Playboy Enterprises, Inc.*

8 | I agree to comply with and to be bound by all the terms of this Stipulated Protective

9 | Order and I understand and acknowledge that failure to so comply may expose me

10 | to sanctions and punishment in the nature of contempt.

11 | I solemnly promise that I will not disclose in any manner any information or

12 | item that is subject to this Stipulated Protective Order to any person or entity except

13 | in strict compliance with the provisions of this Order.

14 | I further agree to submit to the jurisdiction of the United States District Court

15 | for the Central District of California for the purpose of enforcing the terms of this

16 | Stipulated Protective Order, even if such enforcement proceedings occur after

17 | termination of this action.

18 | I hereby appoint _____ [print or type full name] of

19 | _____ [print or type full address and

20 | telephone number] as my California agent for service of process in connection with

21 | this action or any proceedings related to enforcement of this Stipulated Protective

22 | Order.

23 |

24 | Date: _____ City and State where signed: _____

25 |

26 | Printed name: _____

27 |

28 | Signature: _____

STIPULATION RE PROTECTIVE ORDER AND ORDER